UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

No. 07-CV-1155 (JFB)

_____

MICHAEL OBERSTEIN, D/B/A, NEW YORK SOLAR AUTHORITY,

Plaintiff,

VERSUS

SUNPOWER CORPORATION, PLUTO ACQUISITION COMPANY, LLC,
CYPRESS SEMICONDUCTOR CORPORATION, POWERLIGHT CORPORATION,
AND THOMAS L. DINWOODIE,

Defendants.

_____

MEMORANDUM AND ORDER
March 5, 2008

_____

JOSEPH F. BIANCO, District Judge:

Plaintiff *pro se* "Michael Oberstein, D/B/A, New York Solar Authority" ("plaintiff") filed the instant antitrust action on March 19, 2007 against defendants SunPower Corporation, Pluto Acquisition Company, LLC, Cypress Semiconductor Corporation, and Thomas L. Dinwoodie (collectively, "defendants"). Presently before the Court is defendants' motion to dismiss the case on the grounds that plaintiff is a corporation and may not proceed *pro se*. In opposition, plaintiff argues that it may proceed *pro se* because it is a sole proprietorship. For the reasons set forth below, the Court agrees with plaintiff and denies defendants' motion.

1

## I. BACKGROUND

### A. Formation of New York Solar Authority

On March 19, 2003, Michael Oberstein ("Oberstein") completed a Business Certificate certifying that he was "conducting or transacting business under the name or designation of" New York Solar Authority ("NYSA"). (*See* Business Certificate, dated March 19, 2003.) The Business Certificate indicated that NYSA was conducting its business at 65-59 Parsons Boulevard in Flushing, New York (the "Queens Address"). (*Id.*) The Business Certificate also indicated that Oberstein resided at the Queens Address. (*Id.*)

### B. Formation of New York Solar Authority Ltd.

On May 28, 2003, Oberstein filed a Certificate of Incorporation with the State of New York for New York Solar Authority Ltd. ("NYSA Ltd."). (Certificate of Incorporation of NYSA Ltd., dated May, 28, 2003, at Article 2.) The "office address" of NYSA Ltd. is designated as the Queens Address. The "incorporator" of NYSA Ltd. is listed as Elsie Sanchez, located at 45 John Street, Suite 711, in New York, New York (the "Manhattan Address") (*Id.* at Article 3.)

### C. Credit Application

On December 4, 2005, Oberstein completed a Credit Application with defendant SunPower Corporation. (*See* Credit Application, dated December 4, 2005.) Oberstein designated the "Legal Company Name" on the Credit Application as "New York Solar Authority" and provided the Queens Address as the company's address. (*Id.*)

Further, the Credit Application provided the applicant the opportunity to classify itself as a either a "corporation," "proprietorship," or "partnership." (*Id.*) Oberstein checked the box next to "proprietorship." (*Id.*)

### D. New Jersey Litigation

On January 31, 2007, NYSA filed a *pro se* complaint in the District of New Jersey against defendants (the "New Jersey Complaint"). (*See* Complaint filed in District of Jersey, filed January 31, 2007.) The instant complaint and the New Jersey complaint are virtually identical, except that the New Jersey Complaint was filed by NYSA, while the instant complaint was filed by "Michael Oberstein, D/B/A, New York Solar Authority."

The Docket Sheet for the New Jersey Complaint contains the following entry for February 6, 2007: "CLERK'S OFFICE QUALITY CONTROL MESSAGE: Please be advised although you as an individual are entitled to proceed pro se, a corporation must be represented by counsel. . . ." (*See* Docket Sheet in Case No. 2:07-cv-00531, at Entry dated 2/06/07.) By Order dated March 21, 2007, NYSA voluntarily dismissed the New Jersey Complaint without prejudice. (*Id.* at Entry dated 3/21/07.)

### E. The Instant Complaint

The complaint in this action was filed on March 19, 2007 and provides the Queens Address for plaintiff, which is identified in the introductory paragraph as a "sole proprietorship duly registered in the County of Queens, New York. . . ." (Compl. at 1.)

F. Entity Information

As of May 23, 2007, the New York State Department of State listed NYSA Ltd. as an "active" corporation, the registered agent for which is Spiegel & Utrera, P.A., P.C., located at the Manhattan Address. (NYS Dept. of State Printout, dated May 23, 2007.)

II. PROCEDURAL HISTORY

By letter dated April 16, 2007, defendants requested that the Court hold a pre-motion conference in anticipation of filing a motion to dismiss the complaint on two grounds: (1) plaintiff is a corporation and may not proceed *pro se*; and (2) the complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). By letter dated May 15, 2007, plaintiff responded to this request (the "May 15 Letter"). The Court held the pre-motion conference on May 16, 2007 and set a schedule for defendants to brief the first argument, which is the subject of the instant motion. At the conference, the Court stated that it would set a briefing schedule for the second argument if defendants did not prevail on this motion.

Defendants filed the instant motion on May 31, 2007.[1] Plaintiff responded by letter dated June 13, 2007. Defendants submitted their reply on June 22, 2007.

III. DISCUSSION

A. Legal Standard

Section 1654 of Chapter 28 of the United States Code states that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The Second Circuit "has interpreted 28 U.S.C. § 1654, which governs appearances in federal court, to allow two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" *Lattanzio v. Galen Institute, Inc.*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (internal quotation marks omitted). In particular, "it is well-settled law that a corporation may appear in the federal courts only through licensed counsel. . . ." *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 187 (2d Cir. 2006); *see Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) ("As a corporation, appellant, Galaxiworld, could only appear with counsel."); *Eagle Assocs.*, 926 F.2d at 1308 ("[W]e long have required corporations to appear through a special agent, the licensed attorney."); *Bell v. South Bay European Corp.*, 486 F. Supp. 2d 257, 260 (S.D.N.Y. 2007) ("[A] lay person may not represent an entity."); *Kahn v. Gee Broadcasting, Inc.*, No. 07-CV-1370, 2007 U.S. Dist. LEXIS 29390, at *3 (E.D.N.Y. Apr. 20, 2007) ("A *pro se* plaintiff may not represent the interests of another individual or corporate entity in a

---

[1] Defendant Thomas Dinwoodie submitted a separate Motion dated May 31, 2007 adopting the arguments set forth in the memorandum of law submitted by the rest of the defendants.

3

civil proceeding.").[2] In particular, this rule "has been applied to dismiss any action or motion filed by a corporation purporting to act pro se." *Grace*, 443 F.3d at 192 (noting that "where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55") (citations and quotation marks omitted); *see Mercu-Ray Indus., Inc., v. Bristol-Myers Co.*, 392 F. Supp. 16, 20 (S.D.N.Y. 1974), *aff'd*, 508 F.2d 837 (2d Cir. 1974) (dismissing antitrust complaint of corporate plaintiff not represented by counsel).

The Second Circuit has specifically explained the reasoning for this prohibition:

> [t]he principal rationale for ordinarily requiring representation by a licenced attorney is that "the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities. . . .

*Lattanzio*, 481 F.3d at 139 (quoting *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983)).

However, the Second Circuit has also recognized that "some courts allow sole proprietorships to proceed *pro se*" because "a sole proprietorship has no legal existence apart from its owner." *Lattanzio*, 481 F.3d at 140; *see, e.g., Hudson Pak Est. v. Shelter for the Homeless, Inc.*, No. 05-2212-cv, 2007 U.S. App. LEXIS 6111, at *3 (2d Cir. Mar. 14, 2007) ("The district court informed Reuben that a corporation is required to be represented by counsel. On May 20, 1993, however, upon Reuben's representation to the court that HPE was a sole proprietorship and not a corporation, the district court permitted HPE's attorney to withdraw and allowed Reuben to file *pro se* appearances in the name of 'Lawrence Reuben d/b/a Hudson Pak Establishment.'"); *Fitzpatrick v. Sony-BMG Music Entertainment, Inc.*, No. 07 Civ. 2933, 2007 U.S. Dist. LEXIS 60238, at *1 (S.D.N.Y. Aug. 15, 2007) (noting that plaintiff is sole proprietorship proceeding *pro se*); *Goktepe v. Lawrence*, No. 3:03cv89, 2005 U.S. Dist. LEXIS 1689, at *2 (D. Conn. Jan. 26, 2005) ("[A] sensible exception exists when an entity is a sole proprietorship, because a sole proprietorship has no legal existence apart from its owner. Accordingly, many courts have held that 'sole proprietorships may proceed *pro se* in federal court.") (citation and quotation marks omitted); *Hudson Valley Black Press v. Internal Revenue Serv.*, 307 F. Supp. 2d 543,

---

[2] The Second Circuit has "extended this reasoning to partnerships and single shareholder corporations, as well as to shareholders who file derivative suits," and to limited liability companies. *Lattanzio.*, 481 F.3d at 139-40; *see, e.g., Pattonium, Inc. v. J&D Assocs.*, No. 07-Civ. 6204, 2007 U.S. Dist. LEXIS 74856, at *1-*2 (noting that prohibition on non-attorneys representing corporations "appl[ies] with equal force to a limited liability company, including one with a single member who seeks to represent the entity").

4

544 (S.D.N.Y. 2004) (noting that plaintiff is "a sole proprietorship appearing *pro se* in this action"); *Kraebel v. Barklee Realty Co.*, 90 Civ. 4391, 2002 U.S. Dist. LEXIS 71, at *14 n.5 (S.D.N.Y. Jan. 3, 2002) ("Kraebel has always acted pro se in this case. Kraebel's *pro se* status is acceptable because sole proprietorships may proceed *pro se* in federal court.").

### B. Application

Here, defendants urge the Court to dismiss this case on the grounds that *pro se* plaintiff is a corporation, and not a sole proprietorship, as plaintiff contends. However, as set forth below, plaintiff has sued as a sole proprietorship and has provided documentary evidence as to the existence of the sole proprietorship and its interaction with one of the defendants in this case. Thus, the Court rejects defendants' argument and finds there is a sufficient basis for plaintiff to proceed *pro se* as a sole proprietor.

As a threshold matter, defendants do not dispute that, under the law, sole proprietors may proceed *pro se* in federal court. In addition, defendants do not dispute that up until the incorporation of NYSA Ltd., Oberstein was a sole proprietor of an entity called NYSA. Instead, defendants essentially argue that NYSA became NYSA Ltd., a corporation, and that NYSA Ltd. is truly the plaintiff in this action. However, plaintiff contends that NYSA and NYSA Ltd.[3] are wholly separate entities. In particular, plaintiff states that NYSA Ltd. is a "dormant entity, that has not transacted any business activity since its inception, and it is not a party to this action." (Pl.'s Opp. ¶ 4.) Plaintiff points out, for instance, that Oberstein specifically checked the box next to "proprietorship" on the Credit Application.

The Court has carefully reviewed the evidence defendants proffer to demonstrate that NYSA Ltd., a corporation, is the true plaintiff in this action. However, as set forth below, none of this evidence meaningfully contradicts plaintiff's argument that Oberstein's sole proprietorship is the plaintiff here.

For instance, defendants point out that Oberstein filed the identical action in the District of New Jersey where the named plaintiff was NYSA. However, the plaintiff in the New Jersey Complaint was NYSA – not NYSA Ltd. Moreover, like the instant complaint, the New Jersey Complaint specifically identified plaintiff as a sole proprietorship. In refiling here, and renaming the plaintiff "Michael Oberstein, D/B/A, New York Solar Authority," Oberstein more closely conformed his complaint to those filed on behalf of sole proprietorships in this Circuit. *See Hudson Pak Est.*, U.S. App. LEXIS 6111, at *3 (noting that district court permitted "Lawrence Reuben d/b/a Hudson Pak Establishment" to proceed *pro se* as sole proprietorship). Thus, the Court finds that the New Jersey Complaint in no way undermines plaintiff's contention that NYSA – a sole proprietorship – is the plaintiff here.

Defendants also point to the New York Department of State's designating NYSA Ltd. as "active." Although this designation would appear to undercut plaintiff's assertion that NYSA Ltd. is "dormant," it is not necessarily

---

[3] Plaintiff also refers to NYSA Ltd. as "New York Solar Authority, L.L.C." (May 15 Letter ¶ 1c.) This designation is immaterial to the instant motion because limited liability companies are, as stated *supra*, subject to the same rule as regular corporations with respect to *pro se* representation.

inconsistent with plaintiff's claim that NYSA and NYSA Ltd. are separate entities.

In addition, defendants note that the address on the Articles of Incorporation of NYSA Ltd. (the Queens Address) also appears on the complaint. The Court finds that – at most – this matching address shows that NYSA and NYSA Ltd. are located at the same address. In light of defendants' failure to point to any caselaw showing that a corporation and a sole proprietorship may not operate from the same address, the Court finds that the repeated appearance of the Queens Address is unpersuasive evidence that NYSA Ltd. must be the true plaintiff here.

Further, the Court is unpersuaded by defendants' efforts to minimize the significance of the Credit Application by referring to it as "some innocuous document." (Defs.' Reply at 1.) The Credit Application suggests that as of 2005 – and over two years after the formation of NYSA Ltd. – Oberstein was operating a sole proprietorship called NYSA and the so-called "innocuousness" of the Credit Application does not diminish this inference.

Finally, with the respect to the question of whether plaintiff may proceed *pro se* here, the Court rejects defendants' contention that plaintiffs' filings demonstrate that plaintiff "does not have the requisite skill or expertise to properly plead a cause of action, let alone an antirust [sic] claim." (Defs.' Reply at 7.) To the extent that plaintiff's complaint has caused defendants "confusion," (Defs.' Reply at 7), defendants may make that argument to the Court pursuant to Rules 8 or 12 of the Federal Rules of Civil Procedure in the course of the briefing schedule set forth *infra*.

In sum, the Court concludes that there is no basis to preclude plaintiff from proceeding *pro se* as a sole proprietor.

IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion. The parties shall abide by the following briefing schedule for defendants' motion to dismiss the complaint on the grounds that it fails to state a claim upon which relief may be granted: Defendants' motion is due by April 4, 2008. Plaintiff's response is due by May 5, 2008. Defendants' reply is due by May 15, 2008.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 5, 2008
Central Islip, New York

\* \* \*

Plaintiff appears *pro se*. Attorneys for defendants SunPower Corporation, Pluto Acquisition Company, LLC, and Cypress Semiconductor Corporation are Jeffrey A. LeVee and Jason C. Murray of Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California, 90071. Attorney for defendant Thomas Dinwoodie is Sean T. Burns of Carroll McNulty & Kull LLC, 270 Madison Avenue, New York, New York, 10016.

6