# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 07-CV-1155 (JFB)(WDW)

---

Michael Oberstein, D/B/A, New York Solar Authority,

Plaintiff,

versus

SunPower Corporation, Pluto Acquisition Company, LLC, Cypress Semiconductor Corporation, and PowerLight Corporation

Defendants.

---

**MEMORANDUM AND ORDER**
April 28, 2010

---

Joseph F. Bianco, District Judge:

Plaintiff *pro se* "Michael Oberstein, D/B/A, New York Solar Authority" ("plaintiff" or "NYSA") filed an amended complaint in the instant breach of contract action on December 2, 2009, against defendants SunPower Corporation ("SunPower"), Pluto Acquisition Company, L.L.C. (Pluto Acquisition"), Cypress Semiconductor Corporation ("Cypress Semiconductor"), and PowerLight Corporation ("PowerLight") (collectively "defendants"). Defendants now move for dismissal of the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also seek to dismiss Pluto Acquisition, Cypress Semiconductor, and PowerLight as defendants in the action due to lack of alleged contractual privity between those defendants and the plaintiff. For the reasons set forth below, the motion to dismiss is granted in part and denied in part. Specifically, defendants' motion to dismiss Pluto Acquisition, Cypress Semiconductor, and PowerLight as defendants from the action is granted. However, the motion to dismiss plaintiff's breach of contract claim against SunPower is denied.

I. Background

A. Facts

For purposes of this motion to dismiss, the Court has taken the facts described below from the plaintiff's Amended Complaint ("Am. Compl."), filed with the Court on

December 2, 2009. These facts are not findings of fact by the Court but rather are assumed to be true for the purpose of deciding this motion and are construed in a light most favorable to plaintiff, the non-moving party. *See LaFaro v. N.Y. Cardiothoracic Group*, 570 F.3d 471, 475 (2d Cir. 2009).

Michael Oberstein is the CEO and founder of NYSA, a New York sole proprietorship in the business of installing solar photovoltaic ("PV") electric power systems. (Am. Compl. ¶¶ 1, 3.) NYSA provides turn-key solutions in the solar PV power systems industry in various sectors. (*Id.* ¶ 2.) SunPower is a Delaware corporation, with its principal place of business in San Jose, California, that designs, manufacturers, distributes, and sells solar PV cells. (*Id.* ¶¶ 4, 17.) Pluto Acquisition is a Delaware limited liability company and a direct wholly owned subsidiary of SunPower. (*Id.* ¶ 18.) Cypress Semiconductor is a Delaware corporation, and is the majority owner of SunPower. (*Id.* ¶ 19.) PowerLight is a California corporation, with its principal place of business in Berkeley, California, that develops, designs, assembles, installs, operates, and sells solar PV power modules used to produce electric power. (*Id.* ¶ 20.)

According to the Amended Complaint, NYSA developed the markets for solar PV electric power in Long Island, New York, and New Jersey, exclusively utilizing SunPower solar PV power system components, in accordance with NYSA's "Installer-Partner" Agreement (hereinafter "IPA") with SunPower. (*Id.* ¶ 6.) In accordance with the IPA, NYSA transacted significant business with SunPower during the "initial business window," on a continuous and ongoing basis. (*Id.* ¶ 7.) According to the Amended Complaint, SunPower was to "continue in its efforts to increase the sales, marketing and promotion of [its] solar modules and inverter components using their resources to generate leads for NYSA to handle in the geographic markets promised to NYSA by [SunPower's] Sales Manager." (*Id.* ¶ 8.) SunPower was to develop business clientele for NYSA, through SunPower's internal corporate resources, in order to provide such client leads. (*Id.*) In exchange, NYSA was to continue to "perform sales, survey, evaluation, design, permitting, testing, commissioning, conducting inspections with local authorities, as well as performing [sic] all mechanical and electrical construction for solar PV electric power generation systems" in the Long Island, New York, and New Jersey markets. (*Id.*)

Plaintiff alleges that SunPower breached the contract with its "Installer-Partner" NYSA after NYSA had expended significant resources, time, and finances in promoting, marketing, designing, integrating, selling, and constructing SunPower solar PV power systems in its relevant territories, from 2005 onward. (*Id.* ¶ 9.) After the alleged breach, NYSA contacted SunPower in writing and via telephone, and requested that SunPower honor the IPA. (*Id.* ¶¶ 9-11.) NYSA informed SunPower that it had executed in excess of $1.5 million in solar PV contracts, as well as 150 proposals encompassing an additional $5 million in contracts. These contracts were executed in accordance with the IPA. (*Id.* ¶ 12.) SunPower's breach of the IPA, plaintiff alleges, subjected plaintiff and SunPower to potential liability for nonperformance. (*Id.*)

The Amended Complaint alleges that NYSA has suffered business income and profit losses, as well as damage to its growth and reputation, due to defendant SunPower's breach of the IPA. (*Id.* ¶¶ 5, 13.)

2

### B. Procedural History

Plaintiff filed this action on March 19, 2007, alleging antitrust violations. Defendants initially moved to dismiss the complaint on two grounds: (1) that plaintiff is a corporation and could not proceed *pro se*; and (2) the complaint failed to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court denied defendants' motion to dismiss the case on the grounds that plaintiff may not appear *pro se* on March 5, 2008. Defendants thus filed a motion to dismiss for failure to state a claim on April 2, 2008. Thomas L. Dinwoodie, who was named as a defendant in the original complaint, also filed a motion to dismiss for lack of personal jurisdiction on April 4, 2008. On March 12, 2009, the Court granted defendants' motions; however, plaintiff was granted leave to file an amended complaint to address the pleading defects identified by the Court in its Memorandum and Order.

In October 2009, defendants requested a pre-motion conference because plaintiff still had not filed an amended complaint. Plaintiff submitted a letter to the Court on October 20, 2009, stating that he was unable to "add any additional evidence or information that will be substantial enough to overcome the problems" with his antitrust claim and requested that the Court allow the matter to proceed as a breach of contract action only. (Oberstein Letter to the Court, Oct. 20, 2009.) The Court held a conference on November 9, 2009, at which it was agreed that plaintiff's antitrust claims would be dismissed, and he would be permitted to file an amended complaint containing only the allegations in support of his breach of contract claim. By Order dated November 19, 2009, the Court dismissed plaintiff's antitrust claims and directed plaintiff to file and serve an amended complaint articulating his breach of contract claim by November 30, 2009.

Plaintiff filed the Amended Complaint on December 2, 2009. By letter dated December 16, 2009, defendants requested a pre-motion conference in anticipation of filing a motion to dismiss the Amended Complaint. By Order dated December 16, 2009, the Court waived the pre-motion conference requirement and issued a briefing schedule for the instant motion. Defendants filed their moving papers on January 22, 2010. Plaintiff submitted his opposition on February 24, 2010. Defendants filed a reply on March 8, 2010. The Court has fully considered the submissions of the parties.

### II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v.*

*Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. ---U.S. ----, 129 S. Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations[,] a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court notes that, in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and vacated in part on other grounds sub nom.*, *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71 (2006); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of N.Y.*, No. 04 Civ. 1859, 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (stating court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

Moreover, as the Second Circuit emphasized in *Sealed Plaintiff v. Sealed Defendant*, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally. . . . This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings. . . . Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); *see also Weixel v. Bd. of Educ. of the City of N. Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se*, the Court shall "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests'" (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (alterations in original))); *accord Sharpe v. Conole*, 386 F.3d 483, 484 (2d Cir. 2004).

## III. DISCUSSION

### A. Defendants Pluto Acquisition Company, LLC, Cypress Semiconductor Corporation, and Powerlight Corporation

Defendants first argue that Pluto Acquisition, Cypress Semiconductor, and PowerLight should be dismissed as defendants from the action, because plaintiff has not alleged contractual privity between plaintiff and those defendants. The Court agrees.

"Only those who are parties to a contract may be held liable for breach of that contract." *Beacon Syracuse Assocs. v. City of Syracuse*, 560 F. Supp. 188, 201 (N.D.N.Y. 1983). Accordingly, a plaintiff "may not assert a cause of action to recover damages for breach of contract against a party with whom it is not in privity." *Yucyco, Ltd. v. Republic of Slovenia*, 984 F. Supp. 209, 215 (S.D.N.Y. 1997) (quoting *Perma Pave Contracting Corp. v. Paerdegat Boat & Racquet Club, Inc.*, 549 N.Y.S.2d 57, 58 (App. Div. 1989)). The Amended Complaint does not allege that Pluto Acquisition, Cypress Semiconductor, or PowerLight were parties to the IPA. In fact, the Amended Complaint contains no allegations against or regarding those defendants, other than naming them as defendants and listing general information about their locations and operations.[1]

Accordingly, due to the absence of any allegations against defendants Pluto Acquisition, Cypress Semiconductor, and PowerLight in the Amended Complaint, the breach of contract claim against those defendants is dismissed. *See, e.g.*, *Chen v. Street Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 294-95 (E.D.N.Y. 2005).

### B. Breach of Contract

SunPower argues that the breach of contract claim must be dismissed as a matter of law because the Amended Complaint does not allege sufficient facts supporting the claim that there was a valid contract between NYSA and SunPower and that such contract was breached. According to SunPower, plaintiff has not stated a cognizable breach of contract claim. As set forth below, the Court disagrees.

In exercising its diversity jurisdiction, the Court must "apply the substantive law of the state to which the forum state, New York, would have turned had the suit been filed in state court." *Factors Etc., Inc. v. Pro Arts, Inc.*, 652 F.2d 278, 280 (2d Cir. 1981) (citations omitted). New York law is applicable to the instant case. To establish a breach of contract claim under New York law, a plaintiff must prove: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir.

---

[1] Nor, as defendants point out, does plaintiff allege that any of these entities should be held liable due to its relationship to SunPower. "[A] parent corporation and its subsidiary are regarded as legally distinct entities and a contract under the corporate name of one is not treated as that of both." *Carte Blanche (Singapore), Ptd., Ltd. v. Diners Club Int'l, Inc.*, 2 F.3d 24, 26 (2d Cir. 1993) (citing 1 Fletcher Cyc. Corp. § 43 (perm. ed. 1990)). Plaintiff has not alleged fraud or domination and control by SunPower's parent or subsidiary corporations that would warrant imposing liability on those corporations in addition to SunPower. *See id.* Thus, plaintiff has asserted no basis on which liability could be predicated for these defendants.

1996) (citation omitted). A breach of contract claim will withstand a motion to dismiss only if plaintiff "allege[s] the essential terms of the parties' purported contract in nonconclusory language, including the specific provisions of the contract upon which liability is predicated." *Sirohi v. Trs. of Columbia Univ.*, No. 97-7912, 1998 WL 642463, at *2 (2d Cir. Apr. 16, 1998).

SunPower argues that plaintiff's Amended Complaint fails to allege important specific facts regarding the alleged breach of contract. Specifically, SunPower contends that the Amended Complaint "fails to allege whether [p]laintiff's claim flows from a written or oral agreement, when the agreement was formed, the terms of the agreement, the details of [p]laintiff's performance, the specific provision of the agreement that was allegedly breached or even how the contract was allegedly breached." (Defs.' Mot. at 1.)

Accepting the allegations in the complaint as true and construing the complaint liberally due to plaintiff's *pro se* status, a plausible breach of contract claim that survives a motion to dismiss has been asserted. The Amended Complaint does state the existence of an agreement between SunPower and NYSA. Specifically, plaintiff alleges that "NYSA originated and developed solar PV electric power markets in Long Island, New York and New Jersey territories, exclusively utilizing [SunPower's] solar PV power system components, *in accordance with NYSA's 'Installer-Partner" agreement with* [SunPower]." (Am. Compl. ¶ 6.) The Amended Complaint also contains several paragraphs that discuss the terms of the IPA. According to the Amended Complaint, under the IPA, SunPower was to continue its efforts to increase the sales, marketing, and promotion of its solar modules and inverter components to generate leads for NYSA in NYSA's specific geographic markets. (*Id.* ¶ 8.) Under the terms of the IPA, NYSA was bound to continue to perform sales, surveys, evaluation, design, permitting, testing, and commissioning (*id.*), and to conduct inspections with local authorities and perform all mechanical and electrical construction for solar PV electric power generation systems in Long Island, New York, and New Jersey. (*Id.*) SunPower was also to develop new business clientele through its internal corporate resources, in order that it could generate leads for NYSA "to target one megawatt of new business per year for each of the three exclusive territories [SunPower] committed to NYSA." (*Id.*)

Plaintiff has also sufficiently alleged adequate performance of the contract by NYSA. According to the Amended Complaint, plaintiff developed solar PV electric power markets in its exclusive territories. (*Id.* ¶ 6.) NYSA executed in excess of $1.5 million in solar PV contracts and also had over 150 proposals executed and under consideration, in compliance with its duties under the IPA. (*Id.* ¶ 12.) NYSA further "quoted, designed, engineered and executed the subject contracts specifically with [SunPower] solar PV modules," in accordance with the IPA. (*Id.*)

Plaintiff also adequately alleges breach of the contract by SunPower: SunPower "then, without justifiable reason or cause, suddenly breached its contract with its 'Installer-Partner' NYSA." (*Id.* ¶ 9.) According to plaintiff, SunPower failed to perform its obligations under the terms fo the IPA. (*Id.* ¶ 1.) Finally plaintiff claims that it suffered "monetary, growth, reputation, and business disruption damages," and "unreasonable and extreme business income and profit losses due

to [SunPower's] intentional, disingenuous and unethical business practices," and breach of the IPA. (*Id.* ¶¶ 5, 13.) Thus, plaintiff has adequately pled the elements of a claim for breach of contract under New York law.

SunPower argues that the Amended Complaint fails to state the specific terms of the alleged contract that were breached. However, as discussed *supra*, plaintiff identifies the essential duties due by each party to the IPA under the terms of the agreement and alleges that SunPower did not perform its role under the IPA. Liberally constructing the complaint due to plaintiff's *pro se* status, the Court determines that the allegations in the Amended Complaint are sufficient to state a claim for breach of contract. *See, e.g.*, *Abrams v. Carrier Corp.*, 434 F.2d 1234, 1242 (2d Cir. 1970) ("The district court found that the complaint was insufficient because these allegations failed to point out exactly how the contract was violated or which contract provisions were breached. We cannot agree with this conclusion. The appellants attached to the complaint a copy of the bargaining agreement and it is true that no specific provisions of the bargaining agreement were invoked in the complaint. But the appellants did plead a breach of the bargaining agreement which, when viewed with the other allegations of the complaint and the provisions of the agreement, precludes a dismissal of the complaint for lack of specificity. Liberally construed, the complaint essentially alleges, however inartic[ulate]ly, that Carrier's lockout and subsequent refusal to rehire appellants, while it rehired other employees of lesser seniority, constituted a discharge without cause, a discrimination against appellants on account of their support of Local 5895, and a loss of their seniority rights, all in violation of the bargaining agreement.");

*see also W.B. David & Co. v. DWA Commc'ns, Inc.*, No. 02 Civ. 8479(BSJ), 2004 WL 369147, at *2-3 (S.D.N.Y. Feb. 26, 2004).

SunPower also argues that the Amended Complaint should be dismissed because it fails to state whether the claim stems from a written or oral agreement. However, this is not fatal to plaintiff's claim, as it is possible to receive relief for breaches of either oral or written contracts. *See, e.g.*, *Wisdom Import Sales Co., LLC v. Labatt Brewing Co.*, 339 F.3d 101, 109 (2d Cir. 2003) ("[U]nder New York law, oral agreements are binding and enforceable absent a clear expression of the parties' intent to be bound only by a writing." (citing *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 74-75 (2d Cir. 1984))); *Advanced Marine Techs., Inc. v. Burnham Sec., Inc.*, 16 F. Supp. 2d 375, 380 (S.D.N.Y. 1998) ("When not barred by the statute of frauds, [oral contracts] are just as binding as written contracts."); *Charles Hyman, Inc. v. Olsen Indus., Inc.*, 642 N.Y.S.2d 306, 309 (App. Div. 1996) (noting that an oral contract "is as enforceable as a written one"). Thus, because plaintiff has sufficiently pled the elements of a breach of contract claim, his claim survives a motion to dismiss even in the absence of an allegation regarding whether the contract was oral or written.[2]

SunPower also argues that the Standard Terms and Conditions associated with SunPower's United States Sales govern any

---

[2] Although not necessary to survive a motion to dismiss under the circumstances of this case (and although the Court cannot consider allegations outside the pleadings), the Court notes that in the opposition to defendants' motion to dismiss, plaintiff clarifies that the alleged contract between the parties was oral. (Pl.'s Opp. ¶ 2.)

7

transactions entered into between plaintiff and SunPower. Specifically, SunPower claims that all United States sales to dealers were governed by these Standard Terms and Conditions, and, thus, the Standard Terms and Conditions contained the exclusive and binding agreement between SunPower and all of its buyers—including NYSA. However, as discussed above, on a motion to dismiss, the Court may only consider documents attached to the complaint or incorporated in it by reference; documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference; or documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint. *See In re Merrill Lynch & Co.*, 273 F. Supp. 2d at 356-57. In the instant case, plaintiff did not attach these Standard Terms and Conditions to his complaint and did not reference them, nor does the complaint given any indication that he agreed to such terms in any way. Thus, the Standard Terms and Conditions submitted by SunPower are not properly considered by the Court at the motion to dismiss stage because it is unclear, from the face of the Amended Complaint, that plaintiff agreed to these terms.

In sum, the Court concludes that plaintiff has adequately alleged the existence of a contract between SunPower and NYSA and adequately alleged the breach of that contract by SunPower. Accordingly, the motion to dismiss the breach of contract claim at the motion to dismiss stage is denied.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part. Specifically, defendants' motion to dismiss Pluto Acquisition, Cypress Semiconductor, and PowerLight as defendants from the action is granted, but the motion to dismiss plaintiff's breach of contract claim against SunPower is denied. Defendant SunPower is directed to file an answer within twenty days of this Memorandum and Order, and the parties are instructed to proceed with discovery under the direction of Magistrate Judge Wall.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: April 28, 2010
Central Islip, New York


\* \* \*

Plaintiff is proceeding *pro se*. Defendants are represented by Eric Patrick Enson, Jason C. Murray, Jeffrey A. LeVee, Arthur Jay Margulies of Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, CA 90071 and 222 East 41st Street, New York, NY 10017.